IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JOSEPH WAGNER and DEBORAH WAGNER,

        Plaintiffs,

v.                                                Civil Action: 5:05-CV-117

ST. PAUL FIRE & MARINE INSURANCE
COMPANY and ST. PAUL MERCURY
INSURANCE COMPANY,

        Defendants.


**MEMORANDUM, OPINION, and ORDER GRANTING DEFENDANTS' MOTION TO
COMPEL REGARDING REQUEST FOR ADMISSION 5(e), INTERROGATORY 5(e),
AND INTERROGATORY 8(c)**

      On October 13, 2006 came the above named Plaintiffs, by David Robinson, in person,

and the above named Defendants, by Ronald Johnson, in person, for Defendants' Motion to

Compel discovery from Plaintiffs.  Testimony was not taken, and no other evidence was

introduced.


I. Introduction

A.    <u>Background</u>.

      This case concerns a statutory insurance "bad faith" claim under the West Virginia

Unfair Trade Practices Act.  The parties engaged in discovery and a dispute arose.  Defendants

filed a Motion to Compel against Plaintiffs on September 22, 2006.  On September 26, 2006, this

Court set an evidentiary hearing and argument for October 13, 2006, to consider Defendants'

motion.  Plaintiffs filed their Response to the Motion to Compel on October 6, 2006.  Defendants

filed a Reply on October 11, 2006.  The hearing was duly held on October 13, 2006.

B.      The Motion.

Defendants' Motion to Compel.[1]

C.      Decision.

Defendants' Motion to Compel regarding Request for Admission 5(e), Interrogatory 5(e),

and Interrogatory 8(c) is hereby GRANTED.  Plaintiffs' have improperly refused to answer

Defendants' Request for Admission.  Plaintiffs' answers to the two interrogatories at issue were

not responsive and none of their objections to the interrogatories have merit.  Plaintiffs shall

respond to the requests at issue by November 6, 2006.


II. Facts

1.      On February 16, 2006, Defendants served on Plaintiffs their Requests for Admission and

Interrogatories.[2]  The requests pertinent to this case are Request for Admission 5(e),

Interrogatory 5(e), and Interrogatory 8(c).  Request for Admission 5(e) asked Plaintiffs to

admit

> That if a jury had found that the said John P. Vdovjak was acting within
> the scope of his employment at the time of the accident, and if it further
> found that his acts or omissions were without malicious purpose, were not
> in bad faith and were not in a wanton or reckless manner, and if liability
> was not expressly imposed upon him by any provision of the Code, he
> would have been entitled to immunity under the Governmental Tort
> Claims and Insurance Reform Act set forth in W. Va. Code § 29-12A-5(b)
> from plaintiffs' claims.

Interrogatory 5(e) asked:

--------

[1] Docket No. 42.

[2] Docket Nos. 11-12

In paragraph nos. 31, 40, 44, 47, 48 and 49, you allege that attorneys of the defendants committed certain acts. With respect to those allegations, please state: (e) For each attorney in your answer to (c) above, state in detail each and every act that you claim was: (i) Willful; (ii) Wanton; (iii) Malicious; (iv) With actual malice; (v) intentional; (vi) With "reckless disregard for the civil rights of the plaintiffs."

Finally, Interrogatory 8(c) asked:

Do you claim that any attorneys retained by the defendants to defend their insureds in the underlying litigation engaged in any wrongful conduct during the course of litigating the underlying claim? If so, please state: (c) Each and every instance of wrongful litigation conduct you allege was committed, specifying the name of the attorney who committed the act and the date of such act.

2.    On March 14, 2006, counsel for both parties entered into a stipulation allowing the parties until April 17, 2006, to serve discovery responses.[3]  On April 17, 2006, the parties jointly extended that date until June 7, 2006.[4]  On June 7, 2006, the parties again extended that deadline to July 23, 2006.[5]

3.    Plaintiffs filed their responses to the Requests for Admission on June 7, 2006.[6]  They filed their responses to the Interrogatories on June 23, 2006.[7]

4.    In their responses, Plaintiffs objected to Request for Admission 5(e). Plaintiffs referred Defendants to their response to Interrogatory 3 as their response to Interrogatory 5(e). Plaintiffs further objected to Interrogatory 8(c), though they again referred Defendants to

---

[3] Docket No. 15

[4] Docket No. 18

[5] Docket No. 34

[6] Docket Nos. 32 and 33.

[7] Docket No. 35

their response to Interrogatory 3 and stated Defendants had denied liability in a clear case. Plaintiffs' response to Interrogatory 8(c) also referred Defendants to Plaintiffs' response to Interrogatory 5(b).

5.     On June 30, 2006, counsel for Defendants wrote to counsel for Plaintiffs regarding Plaintiffs' responses to Defendants' Requests for Admission. Defendants' counsel asserted the objection Plaintiffs had raised to Request for Admission 5(e) lacked legal support. Plaintiffs' counsel also asked Defendants' counsel to regard the letter as an attempt to resolve the matter without court action.

6.     On July 13, 2006, counsel for Defendants wrote to counsel for Plaintiffs regarding Plaintiffs' answers to Defendants' Interrogatories. Defendants' counsel stated Plaintiffs' response to Interrogatory 5(e) as a reference to the answer to Interrogatory 3 was insufficient. He stated it failed to address the question propounded in Interrogatory 5(e). He further asserted the response to Interrogatory 8(c) was deficient. Like the first letter, this letter asked Plaintiffs to regard the letter as an effort to settle the dispute without court intervention.

7.     On July 24, 2006, Plaintiffs and Defendants entered into a joint stipulation providing Plaintiffs would have until August 24, 2006, to respond to Defendants' Request for Admission and Interrogatories.[8]

8.     Defendants filed this Motion to Compel, which proceeded as set forth above.


### III.  Defendants' Motion to Compel

---

[8] Docket No. 36

A.      Contentions of the Parties

Defendants asks this Court to grant their Motion to Compel pursuant to Federal Rule of Civil Procedure 36 and 37.[9]  They argue Plaintiffs' objection to Request for Admission 5(e) lacks legal support.  Defendants contend Plaintiffs' response to Interrogatory 5(e) was not responsive to the extent it referenced Interrogatory 3.  They also assert Plaintiffs should be required to present evidentiary support for their allegations under Rule 11(b)(3).  Regarding Plaintiffs' objections to Interrogatory 8(c), Defendants again contend Plaintiffs' answer was not responsive to the extent it referenced Plaintiffs' answer to Interrogatory 3.  They further contend the answer lacked specificity and Plaintiffs need to produce the evidence sought under Rule 11(b)(3).

Plaintiffs ask the Court to deny the Motion to Compel.  Plaintiffs argue Request for Admission 5(e) assumes an irrelevant fact not in evidence.  Plaintiffs also state it is improper since it asks a layperson to express an opinion on legal matters.  Concerning Interrogatories 5(e) and 8(c), Plaintiffs contend Defendants waived their objections by failing to specifically address all the objections of Plaintiffs.  Plaintiffs also argue they fully responded to the objections and the interrogatories seek privileged work product material.

B.      The Standards

1.      Discovery - Scope.  "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible

---

[9] A motion to compel an answer to a request for admission is made under Rule 36(a). Rule 36(a) states "The party who has requested the admissions may move to determine the sufficiency of the answers or objections."  A motion to compel answers to interrogatories is made under Rule 37(a)(2)(B).  For the sake of expediency, Defendants' motion shall be referred to as the Motion to Compel.

things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. P. 26(b)(1).

2. <u>Discovery - Scope</u>. A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In addition, "the discovery rules are given 'a broad and liberal treatment.'" <u>Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.</u>, 967 F.2d 980, 983 (4th Cir. 1992) (quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947)). However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); <u>see</u> <u>also</u> <u>St. Bernard Sav. and Loan Ass'n v. Levet</u>, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[10]

3. <u>Discovery - Relevancy</u>. A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In striking the

---

[10] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. It recognizes the reasons for this and acknowledges them.

6

appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders."  Hinkle v. City of Clarksburg, West Virginia, 81 F.3d 416, 426 (4th Cir. 1996)(citations omitted).

  4. <u>Discovery  - Duty to Supplement</u>.  Once the discovery process has commenced, a party has "a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26 (e)(2).

  5. <u>Discovery - Duty to Respond Fully and Completely - No Gamesmanship</u>.  Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond.  Gamesmanship to evade answering as required is not allowed.  Hansel v. Shell Oil Corporation, 169 F.R.D. 303 (E.D. Pa. 1996).

  6. <u>Discovery - Interrogatories</u>.  Federal Rule of Civil Procedure 33 governs interrogatories**.**  It states that "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."

  7. <u>Discovery - Objections to Interrogatories</u>.  All objections must be stated with specificity and any objection not raised is waived.  Fed. R. Civ. P. 33(b)(4).  "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection. Momah, v. Albert Einstein Medical Center, 164 F.R.D. 412,

417  (E.D. Pa. 1996) (quoting <u>Josephs v. Harris Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982)).

8.      <u>Discovery - Requests for Admission</u>.  Federal Rule of Civil Procedure 36 governs requests for admission.  It states that parties may request admission "of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact."  Fed. R. Civ. P. 36(a).

9.      <u>Discovery - Requests for Admission - Motion to Compel</u>.  Federal Rule of Civil Procedure 36(a) allows a party who has served a request for admission to move the court "to determine the sufficiency of the answers or objections.  Unless the court determines that an objection is justified, it shall order that an answer be served."

10.     <u>Discovery - Interrogatories - Motion to Compel</u>.  Motions to compel responses to interrogatories are governed by Federal Rule of Civil Procedure 37(a)(2)(B).  This Rule provides that if "a party fails to answer an interrogatory submitted under Rule 33 . . . the discovering party may move for an order compelling an answer."  <u>Id.</u>

C.      <u>Discussion</u>

I.

<u>Request for Admission 5(e)</u>

The first issue concerns whether Plaintiffs should be compelled to answer Defendants' Request for Admission 5(e).  The content of the request is stated above.  Defendants argue the Request merely represents an application of law to facts under Rule 36(a).  In their response, Plaintiffs objected (1) that the request improperly concerned important legal issues in the case, (2) was irrelevant and immaterial, and (3) was misleading and likely to lead to waste of time, unfair prejudice, and confusion of the issues.

Although Plaintiffs raised numerous other objections to why they should have to answer the request for the first time in their brief, the Court concludes these objections are waived. While Rule 36 does not state arguments not raised in a timely objection are waived, Rules 33 and 34 do contain this limitation. Federal Rule of Civil Procedure 33(b)(4), addressing interrogatories, states that "Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." While Rule 34, pertaining to requests for production, does not contain the same language, the Advisory Committee Notes mention that the procedures in Rule 34 are the same as Rule 33. <u>Pulsecard</u>, 168 F.R.D. at 303. Waiver from the failure to timely object under Rule 34 has been called "well settled." <u>Phillips v. Dallas Carriers Corp.</u>, 133 F.R.D. 475, 477 (M.D.N.C. 1990).

Even though Rule 36 does not contain the same specific waiver provisions as Rules 33 and 34, there are strong indications such a requirement should be implied.[11] First, Rule 36(a) provides that parties answering requests for admission "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." This is similar to the specificity requirement in Rule 33(b)(4). Second, Rule 36(a) also states that untimely objections result in an admission. The Fourth Circuit has also held that late responses to a request for admission do not withdraw the admission. <u>Pontain Tower Cranes, Inc. v. Capitol Tower Cranes, Inc.</u>, 1989 U.S. App. LEXIS 20678, at *7 (4th Cir.). This is again similar to the waiver provisions in Rule 33(b)(4). Finally, policy strongly favors implying a waiver provision. The court in <u>Hall v. Sullivan</u>, 231 F.R.D. 468, 473 (D. Md. 2005) noted that

---

[11] The Eastern District of Pennsylvania has directly held in an unpublished opinion that arguments against a request for admission not first made in an objection are waived. <u>Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.</u>, 1992 U.S. Dist. LEXIS 20249, at *14 (E.D. Pa.).

"No benefit is achieved by allowing piecemeal objections to producing requested discovery, as this adds unnecessary expense to the parties and unjustified burden on the court."  Thus, the Court concludes that arguments against a request for admission not first raised in a timely objection are waived, unless the objecting party can show good cause for the failure.  Accord Fed. R. Civ. P. 33(b)(4).  Plaintiffs have not argued they had any good cause for not raising the arguments in their brief in their response.  The Court will therefore evaluate only the three arguments Plaintiffs made in their initial timely objection to Plaintiffs' request.

Plaintiffs' first objection lacks merit.  Parties may not request admission concerning pure matters of law.  Adventis, Inc. v. Consol. Property Holdings, Inc., 124 Fed. Appx. 169, 172 (4th Cir. 2005).  However, Rule 36(a) specifically allows a party to serve a request for admission concerning "the application of law to fact."  As the Fourth Circuit stated, "The purpose of such admissions is to narrow the array of issues before the court, and thus expedite both the discovery process and the resolution of the litigation."  Adventis, Inc., 124 Fed. Appx. at 172.  Defendants' request for admission is a straightforward application of law to fact.  It asks the Plaintiffs to admit that if a certain factual situation is found to exist, a certain legal outcome results.  This is precisely the kind of request contemplated by Rule 36(a).

Plaintiffs' second objection also lacks merit.  Rule 36(a) requires a party answering a request for admission to "specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter."  A broad objection that the request "was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection."  Joseph, 677 F.2d at 992 (speaking in the context of interrogatories); see also Lamoureux v. Genesis Pharm. Servs., 226 F.R.D. 154, 158 (D. Conn. 2004).  Plaintiffs'

objection that the request was "irrelevant" and "immaterial" clearly does not satisfy this standard and the objection must therefore fail.

Finally, the request is not confusing, misleading, or likely to result in waste of time, as Plaintiff argues. Federal Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The instant request does not fall under any of these categories. Defendants merely seek to have Plaintiffs agree that a legal premise applies to a certain factual situation. It is simply an "application of law to fact," as Rule 36(a) contemplates. Resolution of the issue contained in the request could save all parties time and energy.

Therefore, Defendants' Motion to Compel regarding Request for Admission 5(e) is GRANTED.

## II.

### Interrogatory 5(e)

The second issue concerns whether Defendants' Motion to Compel regarding Interrogatory 5(e) should be granted. The content of the interrogatory is stated above. Rule 33(b)(4) specifically provides that "Any ground for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Plaintiffs' answer to Defendants' Interrogatory 5(e) contained two paragraphs generally addressing all the parts of Interrogatory 5 and one paragraph addressing sub-part (e) more particularly.[12] While Plaintiffs

---

[12] The Court has pieced this together from the parties' briefs. The Court does not have a full copy of the Interrogatories and Plaintiffs' answers. Defendants' Motion to Compel has

claim Defendants waived their right to the material by failing address all their objections, not all the objections in the sections of general objections are applicable to sub-part 5(e). The Court has concluded Plaintiffs raised the following objections to Interrogatory 5(e) in their Response: (1) the material is privileged work product, (2) the interrogatory "is overly broad, burdensome, and intended to harass," (3) the interrogatory impermissibly seeks a narrative, (4) the information is already in the control of Defendants, and (5) the information has yet to be obtained by discovery. The Court adds to the list the argument that Defendants failed to address some of these arguments and thereby waived their right to the material.

The Court first addresses the argument that Defendants waived their right to the material by failing to address all Plaintiffs' objections. Plaintiffs correctly note the District of Kansas has held that "If a moving party fails to address an objection in its motion to compel, the objecting party need not raise it, and the objection will stand." Sonnino v. Univ. of Kan. Hosp. Auth., 221 F.R.D. 661, 671 n. 37 (D. Kan. 2004). This opinion was written by a magistrate judge. A district judge from this same district subsequently disapproved of this analysis in Williams v. Sprint/United Management Co., 2005 U.S. Dist. LEXIS 5170, at *8-11 (D. Kan. 2005). The Williams court noted that "courts have long held that the burden is on the objecting party to show why an interrogatory is improper and while the burden is on the moving party to seek court action, the burden of persuasion remains at all times with the objecting party." Id. at *9-10. This Court declines to follow Sonnino and proceeds to evaluate the Motion to Compel on the merits.

---

Plaintiffs as answering sub-part (e) in only one paragraph. Motion to Compel at 4. Plaintiffs' Response includes this paragraph as the last paragraph of three. Pl.'s Br. at 10. Defendants' Reply indicates Plaintiffs made general objections to all of Interrogatory 5 and then to more particularly to sub-parts. Def.'s Reply at 9.

Plaintiff's first argument is that the material Defendants seek in Interrogatory 5(e) is privileged work product. Federal common law governs the work product doctrine in diversity cases. Bradley v. Sunbeam Corp., 2003 U.S. Dist. LEXIS 14451, at *4 (N.D. W. Va. 2003); see also Baker v. Gen. Motors Corp., 209 F.3d 1051, 1053 (8th Cir. 1999) (en banc). The Rules provide that

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

There is a further distinction between fact work product and opinion work product. Fact work product "is discoverable upon a showing that (a) the party seeking discovery has a substantial need of the materials in preparation of his case; and (b) he is unable without undue hardship to obtain the substantial equivalent by other means." United States ex rel. Stone v. Rockwell Intern. Corp., 144 F.R.D. 396 (D. Colo. 1992). In showing a substantial need, the movant must specifically articulate the necessity for the documents or other tangible things. See Delco Wire & Cable, Inc. v. Weinberger, 109 F.R.D. 680, 689-690 (E.D. Pa. 1986). The movant must also demonstrate why or how alternative sources for obtaining the substantial equivalent are unavailable. In re Grand Jury Subpoena Dated Nov. 8, 1979, 622 F.2d 933, 935 (6th Cir. 1980) (noting that "[w]hen a party does not make any showing that other witnesses were

unknown to it or unavailable to testify, it is merely 'on a general fishing expedition' into the attorney's files to satisfy itself that nothing has been overlooked. The work-product protection forbids such excursions") (citations omitted).

Opinion work product consists of "mental impressions, conclusions, and opinions, or legal theories of an attorney or other representative of a party concerning litigation." United States v. Pepper's Steel & Alloys, 132 F.R.D. 695, 698 (S.D. Fla. 1990). Opinion work product "can be raised by both the client and attorney and is more scrupulously protected as it represents the actual thoughts and impressions of the attorney." In re Grand Jury Proceedings, 102 F.3d 748, 750 (4th Cir. 1996). The Supreme Court held that "[w]hile we are not prepared at this juncture to say that such material is always protected by the work-product rule, we think a far stronger showing of necessity and unavailability . . . would be necessary to compel disclosure." Upjohn Co. v. United States, 449 U.S. 383, 401-02 (1983). Furthermore, the Court held that "such work product cannot be disclosed simply on a showing of substantial need and inability to obtain the equivalent without undue hardship." Id. at 401. See also In re Martin Marietta Corp., 856 F.2d 619, 626 (4th Cir. 1988) (holding that "[w]e think *generally* such opinion work product is not subject to discovery) (emphasis in original).

The material at issue here is clearly not privileged work product. Interrogatory 5(e) seeks information regarding the factual basis of Plaintiffs' claims. It states Plaintiffs "allege that attorneys of the defendants committed certain acts." It goes on to ask that "(e) For each attorney in your answer to (c) above, state in detail each and every act that you claim was: (i) Willful; (ii) Wanton; (iii) malicious; (iv) With actual malice; (v) Intentional; (vi) With 'reckless disregard for the civil rights of the plaintiffs.'" Defendants simply seek by this interrogatory to establish the

14

facts Plaintiffs intended to rely on to support their claims.  Plaintiffs do not need to disclose

"documents and tangible things . . . prepared in anticipation of litigation or for trial."  Fed. R.

Civ. P. 26(b)(3).

Plaintiffs' next argument is an invalid general objection.  Rule 34(b)(4) requires "All

grounds for an objection to an interrogatory shall be stated with specificity."  The objection that

a request "was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a

successful objection."  <u>Joseph</u>, 677 F.2d at 992.  Plaintiffs' objection here argued Interrogatory

5(e) "is overly broad, burdensome and the object is to harass."  Pl.'s Br. at 10.  This represents

an invalid objection.

Plaintiffs also object that Interrogatory 5(e) asks them to provide a narrative account of

their case, which is unduly burdensome.  In <u>Cardenas v. Dorel Juvenile Group</u>, 231 F.R.D. 616,

619 (D. Kan. 2005), the court noted that "Interrogatories should not require the answering party

to provide a narrative account of its case.  The court will generally find them overly broad and

unduly burdensome on their face to the extent they ask for 'every fact' which supports identified

allegations or defenses."  The <u>Cardenas</u> court actually held that an interrogatory asking for

"'each and every element of the design' that Plaintiffs' [sic] contend is defective" did not present

an unduly burdensome narrative request.  <u>Id.</u>

The Court may require parties to answer interrogatories dealing with the factual bases of

their allegations.  Fact interrogatories are "consistent with Rule 11 of the Federal Rules of Civil

Procedure, [which requires that] plaintiffs must have some factual basis for the allegations in

their complaint."  <u>Cable & Computer Tech. v. Lockheed Sanders, Inc.</u>, 175 F.R.D. 646, 652

(C.D. Cal. 1997) (quoting <u>In re</u> One Bancorp Sec. Litig., 134 F.R.D. 4, 8 (D. Me. 1991)).  "An

interrogatory may properly inquire into a party's contentions in the case and the factual basis therefor. The defendant is entitled to know the factual basis of plaintiff's allegations and the documents which the plaintiff intends to use to support those allegations." <u>Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton</u>, 136 F.R.D. 682, 684 (D. Kan. 1991) (citations omitted).

The Court concludes Interrogatory 5(e) does not ask for an impermissible narrative account of Plaintiffs' case, but is appropriately limited to discovering the factual grounds underlying Plaintiffs' allegations. For instance, paragraph 31 of Plaintiffs' Complaint states that Defendants' "agents, servants, counsel, claims adjusters, claims handlers, claims supervisors, attorneys, and employees" acted contrary to the West Virginia Unfair Claims Settlement Practices Act. Interrogatory 5(e) asks only for the acts of attorneys that were committed with at least a reckless mens rea. The acts of other persons are omitted. Since Plaintiffs have alleged attorneys violated the Act, they can be expected to provide some instances of when that occurred. The same analysis is possible for Paragraphs 40, 44, 48, and 49 of the Complaint.

Paragraph 47 of Plaintiffs' Complaint states that "All of the acts" of Defendants' "agents, servants, counsel, claims adjusters, claims handlers, claims supervisors, attorneys, and employees" in every count of the Complaint "were willful, wanton, and done with actual malice, and malicious and/or reckless and/or in reckless disregard for the civil rights of the plaintiffs." Again, Plaintiffs have alleged Defendants' attorneys acted in this manner, so it is not unreasonable to ask for specific instances of the alleged conduct. Interrogatory 5(e) only asks for the acts of the attorneys. However, because Paragraph 47 deals with every allegation in the Complaint, it probably would be unduly burdensome on Plaintiffs to allow Defendants to ask for information regarding every allegation by reference to this one paragraph. Therefore, the Court

construes Defendants' Motion regarding Paragraph 47 to only ask for discovery regarding the other specifically numbered paragraphs in Interrogatory 5.

Plaintiffs next object that the information Defendants ask for is already in their control. The discovery rules call for parties to answer interrogatories "fully in writing." Fed. R. Civ. P. 33(b)(1). It is not a valid objection to state the requested information is already in the requesting party's control. Hansel, 169 F.R.D. at 305. Therefore, this objection must fail.

Plaintiffs' final objection is that they have yet to obtain the requested information through the discovery process, but will respond once they do. The Rules provide that when a party submits a document to the court, he is stating the "allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). However, every factual allegation must have at least some minimal evidentiary support prior to filing. Morris v. Wachovia Secs., 448 F.3d 268, 277 (4th Cir. 2006) (stating that "Factual allegations fail to satisfy Rule 11(b)(3) when 'unsupported by *any* information obtained prior to filing'") (quoting Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991)) (emphasis in original). The Fourth Circuit has held that "The need for discovery to complete the factual basis for alleged claims is not an excuse to allege claims with no factual basis." *In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990).

Plaintiffs have failed to comply with the Rules by either responding "fully in writing" or "specifically" identifying the allegations needing discovery to complete their factual bases. The Complaint does not identify any section as needing discovery. In relevant part, Plaintiffs responded to Interrogatory 5(e) as follows:

> See answers to Interrogatory No. 3 and being that Discovery information requested by the Plaintiffs has not been received at this time, Plaintiffs cannot conclusively state what if any other facts, circumstances, and/or violations may be discovered and/or revealed at this time. Therefore, the other acts and/or omissions that may be revealed will be disclosed accordingly. (see Court Scheduling Order).

Motion to Compel at 4. Plaintiffs refer Defendants to their answer to Interrogatory 3 for factual support for their allegations. Id. Yet Defendants note Interrogatory 3 asked about violations of law by the Defendant insurance company, whereas Interrogatory 5(e) inquired about specific acts of attorneys. Motion to Compel at 4. Defendants' attorneys are briefly mentioned in Plaintiffs' response to Interrogatory 3. Pl.'s Br. at 12-13. However, there is no indication of which acts Plaintiffs believe were willful, wanton, malicious, etc., as asked by Interrogatory 5(e). Pl.'s Br. at 12-13. Thus, the answer is not responsive. Plaintiffs have also not specifically identified this area as needing discovery for development. Motion to Compel at 4. They apparently believe they provided some information to Plaintiffs given the reference to their answer to Interrogatory 3. Id. They reference the need for discovery only by saying they cannot say the "other" facts relevant to the claim, but they will be provided when revealed in discovery. Id. Thus, Plaintiffs are saying they have given responsive facts, and will give others when obtained by discovery. Yet the Court concludes the answer was not responsive.

Therefore, Defendants' Motion to Compel regarding Interrogatory 5(e) is GRANTED. Plaintiffs shall either respond to the inquiries with particular facts or specifically identify the area as needing development by discovery. Fed. R. Civ. P. 11(b)(3). If Plaintiffs elect to identify the area as needing discovery, they shall identify the minimal facts supporting their allegations in the paragraphs of their Complaint identified in Interrogatory 5. Morris, 448 F.3d at 277.

Interrogatory 8(c)

The final issue concerns whether Defendants' Motion to Compel regarding Interrogatory 8(c) should be granted. The content of this interrogatory is stated above. Federal Rule of Civil Procedure 33(b)(4) states that "Any ground for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." The Court has identified four objections in Plaintiffs' answer: (1) the interrogatory requires "an expert opinion and/or conclusion of law the plaintiff is not qualified to render," (2) the interrogatory improperly requests a narrative account of Plaintiffs' case, (3) Defendants already possess the requested information, and (4) Plaintiffs' answer is complete as stated.

Plaintiffs first argue the interrogatory impermissibly asks for an expert opinion or conclusion of law. Federal Rule of Civil Procedure 33(c) provides that "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact." Indeed, parties may use interrogatories to "ask questions regarding: evidence on which an opposing party bases some specific contention; a position taken by a party and an explanation or defense for that position with respect to how the law applies to the facts; and the legal basis for, or theory behind, some specific contention." ACLU v. Gonzales, 237 F.R.D. 120, 123 (E.D. Pa. 2006).

This interrogatory merely asks Plaintiffs to state whether they allege wrongful litigation conduct by defense attorneys and if so the facts upon which they base that argument. It does not ask for an expert opinion. Moreover, Rule 33(c) clearly provides it is not objectionable that

Plaintiffs apply law to the facts they use to support their arguments. It is not the Plaintiffs themselves who are being asked to reply to the interrogatories, but Plaintiffs' counsel. Plaintiffs' counsel replies just as he makes arguments in court for his client. Thus, this objection must fail.

Plaintiffs next contend Interrogatory 8(c) asks for an impermissible narrative of their case. The standard for determining the validity of this objection is stated above.

The Court concludes this interrogatory does not ask for a narrative. Rather, it merely asks Plaintiffs to reveal information regarding the factual background of their case. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago, 136 F.R.D. at 684. Paragraphs 31, 40, and 44 of the Complaint allege the attorneys of Defendants violated West Virginia law. Paragraph 47 alleges Defendants' attorneys acted maliciously against Plaintiffs. Paragraph 49 alleges Defendants' attorneys maliciously refused to settle Plaintiffs' claim. These represent serious allegations against defense counsel. Asking Plaintiffs to show the facts underlying these allegations is consistent with the requirement that parties making allegations have some basis for their assertions. Cable & Computer Tech., 175 F.R.D. at 652.

The Court has already found above that the argument that the Defendants possess the requested information lacks merit. Hansel, 169 F.R.D. at 305.

Finally, the Court concludes Plaintiffs' answer to the interrogatory was not responsive. In relevant part, Plaintiffs responded as follows:

> Defendants' attorneys unreasonably denied liability on a clear liability case from the time each became involved until the eventual settlement on August 25, 2004. St. Paul's counsel blatantly misrepresented and disregarded the pertinent facts and evidence surrounding this claim causing further damage and aggravation to the plaintiffs. See answers to Interrogatory No. 3 and 5(b).

Pl.'s Br. at 14. This answer does state Defendants acted unreasonably, but does not provide the

specific conduct asked for by the interrogatory. It contains only allegations of wrongful behavior rather than facts showing it. The interrogatory requested the facts demonstrating inappropriate litigation behavior by Defendants' attorneys, along with the names of the attorneys who committed the acts and the dates they did them. Plaintiffs' answers to Interrogatory 3 and 5(b) do briefly mention Defendants' counsel. The answer to Interrogatory 3 stated defense counsel filed a response to the Complaint on July 23, 2001 illegitimately asserting immunity. Pl.'s Br. at 12. It also states that defense counsel filed a motion for summary judgment containing statements contrary to the evidence on January 17, 2003, failed to request Plaintiff's diagnostic films until March 25, 2004, and and failed to request Plaintiff submit to a medical examination until March 5, 2004. Pl.'s Br. at 13. The answer to Interrogatory 5(b) also stated defense counsel filed a motion for summary judgment contrary to the evidence (presumably the same one as mentioned in the answer to Interrogatory 3). Pl.'s Br. at 14. Yet nowhere do Plaintiffs provide the names of the defense lawyers as requested by the interrogatory. They also do not state whether they believe defense counsel engaged in any other bad faith acts in litigation. Thus, this answer is not responsive.

Therefore, Defendants' Motion to Compel regarding Interrogatory 8(c) is GRANTED. Plaintiffs shall respond whether they allege defense attorneys engaged in wrongful litigation conduct during the underlying proceedings. If so, Plaintiffs shall either provide particular facts in support of their allegations or specifically identify the area as needing development by discovery. Fed. R. Civ. P. 11(b)(3). If Plaintiffs elect to identify the area as needing discovery, they shall still identify minimal facts supporting their allegations. Morris, 448 F.3d at 277.

The Court also notes the Motion to Compel states Plaintiffs' answers to the

interrogatories were not submitted under oath.  Motion to Compel at 6-7.  Rule 33(b)(1) clearly provides that "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."  Plaintiffs must answer all interrogatories under oath.  Id.  Any answers previously given not under oath shall be re-submitted under oath and all future interrogatories shall be answered under oath.  Id.

## IV.  Decision

Defendants' Motion to Compel regarding Request for Admission 5(e), Interrogatory 5(e), and Interrogatory 8(c) is hereby GRANTED.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the District Court Judge of Record.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 7, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE