IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH WAGNER and
DEBORAH WAGNER,

    Plaintiffs,

v.                                        Civil Action No. 5:05CV117
                                                    (STAMP)
ST. PAUL FIRE AND MARINE
INSURANCE COMPANY and
ST. PAUL MERCURY
INSURANCE COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
REGARDING DEFENDANTS' MOTION TO EXCLUDE
PLAINTIFFS' EXPERT TESTIMONY PURSUANT TO RULE 37(c)(1)**

I. Procedural History

On February 2, 2007, defendants, St. Paul Fire and Marine Insurance Company and St. Paul Mercury Insurance Company ("St. Paul"), filed a motion to exclude the plaintiffs' experts from testifying at the trial of this civil action. This Court's amended scheduling order directed that the party bearing the burden of proof on an issue shall make appropriate expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A) and (B) no later than January 8, 2007. On January 8, 2007, plaintiffs, Joseph Wagner and Deborah Wagner ("Wagner"), filed an expert disclosure.

The defendants contend that the expert reports of Jack A. Lane and Homajoun Hajiran, disclosed on January 8, 2007, fail to comply with the express requirements of Federal Rule of Civil Procedure

26(a)(2)(B) in that they lack the completeness required under that rule.

Defendants also assert that the four attorneys who are designated as expert witnesses under paragraph 3(a) of the plaintiffs' designation of experts, namely Joyce A. Morton, Quan Le, Andrew K. Chafin and Eric M. Gordon, should be precluded as testifying as experts because no reports have been submitted by these individuals. Further, defendants contend that no other information required under the Federal Rules of Civil Procedure has been disclosed concerning these witnesses or their testimony.

As a result of these alleged failures, the defendants request that, pursuant to Federal Rule of Civil Procedure 37(c)(1), this Court prohibit the plaintiffs from calling these witnesses at trial and presenting their testimony. Defendants also filed a memorandum in support of their motion.

On February 20, 2007, the plaintiffs filed a response in opposition to defendants' motion to exclude the plaintiffs' expert testimony and on February 27, 2007, defendants filed a reply brief in support of their motion to exclude plaintiffs' expert testimony.

In their response to the motion, plaintiffs contend that Jack Lane's report is sufficiently detailed and complies with the appropriate rule. Plaintiffs claim that, therefore, his testimony should not be excluded. In reply to the plaintiffs' response to the defendants' motion, defendants argue that Mr. Lane's opinions

are contrary to the admissions made by the plaintiffs in the release that they executed at the time of the settlement of the underlying case and, further, that his report does not explain "why" and "how" he reached his opinions and do not explain among other things, the particular industry standards defendants violated nor the basis and reasons for his opinion that "defendant's insured was not on company business or within the scope of his employment at the time of the accident."

With respect to plaintiffs' expert, Dr. Hajiran, plaintiffs contend that Dr. Hajiran has now indicated that his report should be considered a "final report" rather than a preliminary report as Dr. Hajiran originally stated. Finally, the plaintiffs in their response to the defendants' motion contend that a report from the listed attorneys is not necessary because these attorneys have not been retained or specifically employed by the plaintiffs and are not employees of these plaintiffs whose duties regularly involve giving expert testimony. Plaintiffs contend that these witnesses will be providing Federal Rule of Evidence 404(b) testimony to demonstrate "other bad acts of defendants." Such evidence, contend plaintiffs, is relevant to establish a general business practice of St. Paul and also will be in support of a punitive damage claim.

Federal Rule of Civil Procedure 26(a)(2)(B) provides that an expert witness who is retained or specially employed to provide expert testimony shall prepare a written report signed by such

3

expert which must contain a "complete statement" of the following: (a) all opinions to be expressed; (b) the bases for each opinion; (c) the data or other information considered in forming the opinion; (d) any exhibits to be used as a summary or support for the opinions; (e) the qualifications of the witness; (f) all publications authored by the expert within the preceding ten years; (g) the compensation to be paid to the expert and (h) a listing of other cases in which the witness has testified as an expert in the past four years.

This Court has reviewed Mr. Lane's written opinion dated January 8, 2007 and while finding that Mr. Lane has adequately listed his qualifications, publications and compensation as well as a listing of other cases in which he has testified as an expert, his report has not adequately set forth in sufficient detail the other information required under the rule.

In this Court's view, Mr. Lane has not set forth in sufficient detail the basis for each opinion or the data or other information considered in forming his opinion. Further, he has not listed the exhibits, if any, he will be using as a summary of or support for his opinions. It should be pointed out that Rule 26(a)(2)(B) is a broad disclosure requirement and is not limited to matters supporting the experts opinion but must include, "data or other information <u>considered</u>" by the witness in forming his or her opinion.

Accordingly, with respect to Mr. Lane's report, his report as presently filed is deemed by this Court to be insufficient and not in compliance with the applicable civil rule. Therefore, plaintiffs are DIRECTED through Mr. Lane to file on or before **5:00 p.m. on May 16, 2007** a complete report sufficient to comply with Federal Rule of Civil Procedure 26(a)(2)(B). If such a report is so filed, then Mr. Lane's testimony will not be excluded under Federal Rule of Civil Procedure 37(c)(1).

With respect to Dr. Hajiran's report, this Court, by letter dated May 9, 2007, has indicated its tentative rulings regarding plaintiffs' motion for partial summary judgment and defendants' motion for summary judgment. As part of these rulings, this Court has indicated that it intends to grant defendants' motion for summary judgment on the punitive damage claim.

Accordingly, it appears that Dr. Hajiran's report would not be necessary or admissible in that it appears that his report merely applies to testimony he may give as to defendants' financial condition which would be admissible only to show a calculation of the amount of punitive damages, if proven.

With respect to the attorneys listed by the plaintiffs as being expert witnesses, while all persons giving expert testimony must be identified the party must provide written reports only for experts who are retained or specially employed to provide expert testimony at the trial of the action or are employed by a party and

whose duties regularly involve giving expert testimony. For example, treating physicians must be identified as expert witnesses but courts usually hold that, to the extent their testimony is based on their own diagnosis and treatment, they are not "retained or specially employed" to render opinion testimony nor are they employees of the plaintiffs whose duties involve giving expert testimony.

Defendants assert that it "strains credibility to believe that such attorneys will not charge, and be compensated, for the substantive time they will spend in serving as an expert witness in this civil action." This Court must, at this point, accept at face value plaintiffs' assertion that these attorneys are not retained. Therefore, these experts need not file a report and their testimony, at this point, will not be excluded under Federal Rule of Civil Procedure 37(c)(1).

Therefore, the motion of defendants, St. Paul Fire and Marine Insurance Company and St. Paul Mercury Insurance Company, is DENIED at this time as to expert witness, Jack A. Lane, pending his submission of a complete report; the motion of defendants, St. Paul Fire and Marine Insurance Company and St. Paul Mercury Insurance Company, is DENIED AS MOOT as to expert witness, Homajoun Hajiran; and the motion of defendants, St. Paul Fire and Marine Insurance Company and St. Paul Mercury Insurance Company, is DENIED as to the

testimony of the four attorneys, Joyce A. Morton, Quan Le, Andrew K. Chafin and Eric M. Gordon.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    May 9, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE